27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin HILL, a/k/a Melvin Taylor, a/k/a Melvin Hill, a/k/a
Marvin Hill, a/k/a Marvin Grant, Ex Parte,
Petitioner-Appellant,
v.
Bishop L. ROBINSON; Sewell B. Smith; Theodore Purnell;
Richard Lanham, Commissioner; Attorney General of
the State of Maryland, Respondents-Appellees.
Melvin HILL, a/k/a Melvin Taylor, a/k/a Marvin Grant, a/k/a
Marvin Hill, Petitioner,
v.
Thomas WARD; Bishop L. Robinson, Secretary of the
Department of Public Safety and Correctional
Services; Eugene Nuth; State of
Maryland, Respondents.
 Nos. 94-6132, 94-8002.
 United States Court of Appeals, Fourth Circuit.
 March 8, 1994.
June 22, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Senior District Judge. (CA-93-4104-H).
 Melvin Hill, petitioner Pro Se.
 John Joseph Curran, Jr., Beverly Peyton Griffith, Office of the Atty. Gen. of Maryland, Baltimore, MD, for respondents.
 D.Md.
 DISMISSED IN NO. 94-6132 AND PETITION DISMISSED IN NO. 94-8002.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In No. 94-8002, Melvin Hill filed a 28 U.S.C. Sec. 2254 (1988) petition in this Court challenging the legality of his confinement. He seeks review of our previous decision affirming the district court's denial of his post-judgment motions and denying his mandamus petitions. He asserts, as he has in the past, that he is not the person who committed the crime for which he is presently incarcerated, that he was indicted under a false name, and that the district court incorrectly dismissed his claim on res judicata grounds.
 
 
 2
 Our review of the present petition discloses that the issues raised have previously been determined against Hill, the prior determinations were on the merits, and the ends of justice would not be served by reaching the merits in the present petition. Rule 9(b), Rules Governing Section 2254 Cases; Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985). As we stated in Miller,"[a]t some point, the system must declare that justice has been done insofar as human capacity exists to dispense it, and attempt to focus upon rehabilitation rather than relitigation." 764 F.2d at 249. Accordingly, although we grant leave to proceed in forma pauperis, we dismiss the petition.
 
 
 3
 In No. 94-6132, appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Hill v. Robinson, No. CA-93-4104-H (D. Md. Dec. 30, 1993). We also deny Appellant's "Motion for Release Pending Appeal or to Stay Transfer Pending Appeal." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 No.94-6132--DISMISSED.
 
 
 5
 No.94-8002--PETITION DISMISSED.